

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# USA v. Russell

Precedential or Non-Precedential: Precedential

Docket No. 07-4731

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Russell" (2009). *2009 Decisions.* Paper 1428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4731
_____

UNITED STATES OF AMERICA

v.

CLEOTIS EUGENE RUSSELL, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Criminal No. 06-cr-00072)
District Judge: Honorable Maurice B. Cohill

_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2009

_____

Before: CHAGARES, HARDIMAN *Circuit Judges*, and ELLIS,
*Senior District Judge.*[*]

(Filed: April 23, 2009)
_____

---

[*] The Honorable T. S. Ellis, III, Senior District Judge,
United States District Court for the Eastern District of Virginia,
sitting by designation.

LISA B. FREELAND
Federal Public Defender
RENEE PIETROPAOLO
Assistant Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222
    *Counsel for Appellant*

MARY BETH BUCHANAN
ROBERT L. EBERHARDT
United States Attorneys
DONOVAN COCAS
Assistant United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____


ELLIS, *Senior District Judge*.

Cleotis Eugene Russell, Jr. appeals his 87-month sentence following a guilty plea, arguing (i) that the District Court erred in concluding it was barred from categorically rejecting the Sentencing Guidelines' crack-powder cocaine differential on policy grounds; (ii) that the District Court erred in giving the Sentencing Guidelines presumptive weight; (iii) that Russell's 87-month sentence is substantively unreasonable; and (iv) that the District Court erred in including a misdemeanor marijuana possession conviction in Russell's criminal history calculation. For the reasons stated here, we vacate and remand for resentencing.

I.

The essential facts are easily summarized and are not in

dispute.

On August 21, 2007, Russell pled guilty to four counts of possession with intent to distribute five grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The presentence investigation report (PSR) calculated Russell's total offense level as 27 and his criminal history category as III, resulting in an advisory Guidelines range of 87 to 108 months.

Prior to sentencing, Russell filed a sentencing memorandum urging imposition of a 60-month sentence, the statutory mandatory minimum. Specifically, Russell sought a variance under 18 U.S.C. § 3553(a), on the ground, *inter alia*, that the Guidelines' 70-to-1 powder-to-crack cocaine ratio for his base offense level—one of the highest such ratios for any base offense level—failed to reflect the seriousness of his offense or to promote respect for the law. In this regard, Russell noted that "if [his] guidelines were calculated using a 25-to-1" ratio, the bottom end of his advisory Guidelines range would be 60 months.[1] Accordingly, given the disparity between the different powder-to-crack ratios for different base offense levels, Russell argued that an advisory guideline range in his case would be "irrational and unreasonable" and that the District Court should exercise its § 3553(a) discretion to impose a 60-month sentence.

At the November 28, 2007, sentencing hearing, Russell reiterated his request for a variance, arguing that the 60-month mandatory minimum sentence was appropriate, *inter alia*, (i) because the calculation of base offense levels using the "varying

---

[1] Specifically, Russell argued that a 25-to-1 ratio would result in an advisory Guidelines range of either 60 to 71 months (with a category III criminal history) or 60 to 63 months (with a category II criminal history). Russell provided both calculations because he also sought a downward departure, pursuant to U.S.S.G. § 4A1.3(b)(1), to criminal history category II, on the basis that category III substantially overrepresented the seriousness of his criminal history. The District Court rejected that argument, and Russell has not appealed that decision.

3

crack[-]powder ratios" was not a "rational way to treat the differences between crack cocaine and powdered cocaine[,]" (ii) because Russell had not previously been incarcerated, and (iii) because the instant offense did not involve weapons or violence.

The District Court rejected Russell's request for a variance, holding that "in this case" it was appropriate to look to the advisory Guidelines range of 87 to 108 months. During the course of its ruling, the District Court cited *United States v. Ricks*, 494 F.3d 394 (3d Cir. 2007), stating that "in *Ricks* the Third Circuit held that the district courts may not categorically reject the crack/powdered cocaine differential as a matter of policy" and that "to the extent district courts may consider the crack/powder cocaine differential, they should not do so by creating a new ratio altogether." The District Court went on to observe as follows:

> But I think the [Third Circuit is] telling us the guidelines are still important; and I'm one of the judges who didn't ever like the guidelines from the time they were promulgated. I always did — I appreciated them and felt that it did serve to give some consistency to the — to the various sentences which are handed down by federal courts across the country; so I appreciated them and rarely do I depart from them, either in one direction or the other direction.

Following allocution, the District Court imposed a 87-month sentence, consistent with the bottom end of the advisory Guidelines range.

In addition, the PSR assessed one criminal history point for a 2003 misdemeanor marijuana possession conviction, without which Russell's criminal history would have been category II and his advisory Guidelines range 78 to 97 months. Russell did not object to inclusion of the conviction before or during the course of his sentencing, objecting instead for the first time on appeal.

II.

4

We exercise appellate jurisdiction over Russell's claims of sentencing error under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our standard of review differs based on whether the alleged sentencing error was raised below. If so, we review for abuse of discretion; if not, we review for plain error. *See United States v. Lloyd*, 469 F.3d 319, 320 (3d Cir. 2006).

Where we review for abuse of discretion, "our role is two-fold." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). First, we must "ensure that the district court committed no significant procedural error in arriving at its decision[.]" *Id.* Second, "[i]f we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence[.]" *Id.* at 218. With respect to the first inquiry, a district court commits significant procedural error by, *inter alia*,

> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]

*Gall v. United States*, 128 S.Ct. 586, 597 (2007), *quoted in Wise*, 515 F.3d at 217. Of course, "we do not defer to a district court when the asserted procedural error is purely legal," and "a district court will be held to have abused its discretion if its decision was based on . . . an erroneous legal conclusion." *Wise*, 515 F.3d at 217 (citing *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")). For example, we will "vacate[] a defendant's sentence and remand[] for resentencing when the district court's remarks indicate[] that it believed it was bound to follow the Guidelines for crack offenses." *Id.* at 222.

Where we review for plain error, we have described the analysis as follows:

> There must be an error that is plain and that affects

5

substantial rights. The deviation from a legal rule is error, and an error is plain if it is clear or obvious. In most cases, an error affects substantial rights if it is prejudicial, *i.e.*, affected the outcome of the district court proceedings. . . . We will exercise our discretion and vacate the sentence if the plain error affecting substantial rights also seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998) (internal quotations and citations omitted), *quoted in United States v. Voelker*, 489 F.3d 139, 153–54 (3d Cir. 2007).

With these principles in mind, we turn to Russell's allegations of sentencing error.

## III.

Russell's first argument, distilled to its essence, is that two Supreme Court cases decided after his sentencing—*Kimbrough v. United States*, 128 S. Ct. 558 (2007), and *Spears v. United States*, 129 S. Ct. 840 (2009)—make clear that district courts may categorically reject the Sentencing Guidelines' crack-powder cocaine differential on policy grounds, and that insofar as the District Court here cited our contrary holding in *Ricks* at sentencing, Russell's sentence was based on an erroneous legal conclusion and should be vacated and remanded for resentencing.

We agree with Russell. Specifically, it is clear that the Supreme Court expressly held in *Kimbrough* and *Spears* that a district court may categorically reject the Guidelines' crack-powder cocaine differential as a matter of policy. *See Spears*, 129 S. Ct. at 843–44 ("[D]istrict courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines."); *Kimbrough*, 128 S. Ct. at 575. Moreover, *Spears* clearly held that district courts "also possess the power to apply a different ratio which, in [the district court's] judgment, corrects the disparity." *Spears*, 129 S. Ct. at 843. Thus, our holding in *Ricks* "that district courts may not categorically

reject the [crack-powder cocaine] ratio" is no longer good law. *Ricks*, 494 F.3d at 401. Indeed, the Supreme Court in *Spears* effectively overruled *Ricks* when it explicitly rejected the approach we set forth in *United States v. Gunter*, 527 F.3d 282 (3d Cir. 2008), where we relied on *Ricks* in holding that a "district court cannot categorically disagree with the crack-to-powder sentencing disparity." *Id.* at 286 (citing *Ricks*, 494 F.3d at 402–03), *abrogated by Spears*, 129 S. Ct. at 845 (holding the "error of . . . [*Gunter*] evident"). Accordingly, because *Ricks* is no longer good law, the District Court's statement at sentencing regarding *Ricks*, while an accurate statement of our then-existing precedent, is no longer correct.

This does not end our inquiry, however, as the parties devote substantial effort to the appropriate standard of review for determining whether *Kimbrough* and *Spears* warrant remanding this case. In the end, we need not resolve the parties' dispute in this regard,[2] as we find the record supports a remand here under either standard. Indeed, under an abuse of discretion standard, it is clear that the District Court's conclusion that it could not reject the crack-powder cocaine differential on policy grounds was an erroneous legal conclusion in light of *Kimbrough* and *Spears*; thus, it was a significant procedural error that warrants remand for resentencing. But even applying the stricter plain error standard, we find it appropriate to remand this case for resentencing. In this respect, we find that the District Court's statements regarding *Ricks* constitute error and that the error is clear in light of *Kimbrough* and *Spears*. Further, we find that the clear error affected Russell's

---

[2] On the one hand, the record reflects that Russell raised the crack-powder cocaine disparity both in his sentencing memorandum and during the sentencing, even going so far as to suggest that a 25-to-1 ratio would result in a sentencing range encompassing the 60-month mandatory minimum sentence that he clearly urged the district court impose on him. On the other hand, the record also reflects that, consistent with our holding in *Ricks*, Russell partnered his arguments with respect to the crack-powder cocaine disparity with arguments about his individual circumstances.

substantial rights, particularly given both his efforts to argue that the crack-powder cocaine disparity justified a variant sentence and the District Court's reliance on *Ricks* in rejecting those efforts. Accordingly, we vacate Russell's sentence and remand for resentencing, as we find that giving the District Court an opportunity to resentence Russell in light of its clarified authority under *Kimbrough* and *Spears* ensures the fairness, integrity, and public reputation of Russell's sentencing proceedings.[3]

IV.

Although we vacate and remand for resentencing in light of the District Court's reliance on *Ricks*, we nonetheless briefly address Russell's remaining arguments to provide the District Court with guidance on remand.

---

[3] We note that our approach here is consistent with the well-reasoned approaches of several of our sister circuits. *See*, *e.g.*, *United States v. Johnson*, 553 F.3d 990, 996 (6th Cir. 2009) (vacating and remanding "so that the district court may impose a sentence with full awareness of its authority" under *Spears*); *United States v. Bush*, 523 F.3d 727, 729–730 (7th Cir. 2008) (vacating and remanding for resentencing where district court's "conclusion was consistent with [the Seventh Circuit's pre-*Kimbrough*] position that the court was prohibited from reducing [a] sentence solely on the basis of opposition to the [crack-powder cocaine] ratio as a matter of policy"). *Cf. United States v. Regalado*, 518 F.3d 143, 148–150 (2d Cir. 2008) (reviewing for plain error and remanding "to give the district court an opportunity to indicate whether it would have" categorically rejected the crack-powder cocaine ratio on policy grounds because "we are unable to tell whether the likely procedural error . . . affected substantial rights and affected the fairness, integrity, or public reputation of judicial proceedings"); *United States v. Taylor*, 520 F.3d 746, 747–49 (7th Cir. 2008) (reviewing for plain error and remanding in light of *Kimbrough* for district court to first address defendant's pending 18 U.S.C. § 3582(c)(2) motion and only then to determine "whether [the district court] is minded to resentence the defendant under *Kimbrough*").

We find Russell's second argument—that the District Court incorrectly gave the Guidelines presumptive weight—is without merit. Specifically, Russell claims that the District Court's statement that it "rarely" sentences outside the Guidelines is tantamount to an admission that the District Court gave the Guidelines presumptive weight. In this regard, Russell both misapprehends the import of the District Court's statement and takes that statement out of context. *See, e.g., United States v. Severino*, 454 F.3d 206, 214 (3d Cir. 2006) ("Isolating certain statements of the court to suggest that the court somehow felt obligated to follow the Guidelines ignores the context of those statements."). Specifically, the District Court's *observation* that it *rarely* sentences outside the advisory range is not equivalent to giving that range *presumptive* weight; it merely suggests that, on most occasions, the District Court agrees that the advisory range provides the appropriate sentence. Moreover, at the outset of the sentencing hearing, the District Court observed that "the [S]entencing [G]uidelines are to be considered advisory only" and that a court must consider the relevant § 3553(a) factors and impose a sentence "regardless of whether or not it varies from the sentence calculated under the [G]uidelines." In sum, based on our review of the record as a whole, it is pellucidly clear that the District Court did not give the Guidelines presumptive weight; rather, the record makes clear that the District Court appropriately understood the Guidelines' advisory nature.

V.

Next, we find it unnecessary to address Russell's third argument—that the 87-month sentence imposed here was substantively unreasonable—prior to affording the District Court an opportunity to resentence in light of its authority under *Kimbrough* and *Spears*. *See United States v. Washington*, 549 F.3d 905, 920 n. 21 (3d Cir. 2008) ("Because we have found procedural error . . . and are remanding for resentencing, we need not evaluate the substantive reasonableness of the sentence."). In other words, because the District Court may impose a different sentence on remand in light of *Kimbrough* and *Spears*, we need not address the overall substantive reasonableness of the sentence we vacate here.

## VI.

Russell's final argument is that the District Court erred by assessing one criminal history point for Russell's 2003 misdemeanor marijuana possession conviction. Because Russell did not raise this argument at sentencing, we review the District Court's criminal history calculation for plain error.

Russell argues that the District Court should have excluded his misdemeanor marijuana possession conviction pursuant to U.S.S.G. § 4A1.2(c)(2), which provides that certain listed offenses "and offenses similar to them . . . are never counted" in a defendant's criminal history calculation. U.S.S.G. § 4A1.2(c)(2). Russell does not argue—nor could he—that misdemeanor marijuana possession is listed in § 4A1.2(c)(2). Rather, he argues that the District Court should have excluded his conviction because it is "similar to" a listed offense, namely public intoxication.

We do not agree. Specifically, we find that the District Court properly assessed one criminal history point for Russell's 2003 marijuana possession conviction. In this regard, we observe that the applicable Guidelines commentary directs district courts to determine whether a conviction is "similar to" a listed offense by "us[ing] a common sense approach that includes consideration of relevant factors" comparing, *inter alia*, the offenses' elements, available punishments, perceived seriousness, levels of culpability, and tendencies to predict recurring criminal conduct. *See* U.S.S.G. § 4A1.2 cmt. n.12(A). Put succinctly, we find that neither common sense, nor an appropriate weighing of the relevant factors, supports a finding that marijuana possession is similar to public intoxication. Although the parties devote substantial effort in their briefs to debating and weighing the various factors, we see no reason to do so here. Rather, we simply note that Russell has cited no authority holding that marijuana possession is "similar to" public intoxication under § 4A1.2(c)(2), nor have we found any such authority. Of course, this is not surprising, as Russell's argument, if true, would lead to an absurd result: no misdemeanor conviction for possession of a small amount of marijuana would ever count in a defendant's criminal history calculation. Thus, applying the Guidelines' "common sense approach" to interpreting §

10

4A1.2(c)(2), we reject Russell's argument. Accordingly, because the District Court properly assessed one criminal history point for Russell's 2003 marijuana possession conviction, we find no error—plain or otherwise—in the District Court's criminal history calculation.

## VII.

For the foregoing reasons, we vacate the judgment of the District Court and remand for a new sentencing hearing consistent with this opinion. Of course, we emphasize that our disposition should not be read as indicating any view as to the appropriateness of the sentence imposed. Thus, the District Court, on remand, retains the discretion to reimpose the same sentence or to select an alternate one.