OPINION OF THE COURT
FUENTES, Circuit Judge:
Sean Reed appeals from the judgment of conviction and sentence entered by the United States District Court for the Western District of Pennsylvania. Reed, charged with and convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e), alleges that there was insufficient evidence to support the jury’s finding that he possessed a firearm; that a jury instruction concerning the interstate commerce element of § 922(g) was unconstitutional; and that his sentence was substantively unreasonable. For the reasons stated below, we will affirm.[1]
I.
Because we write exclusively for the parties, we discuss the facts only to the extent necessary for the resolution of the issues on appeal. On a rainy April 2, 2005 in the Pittsburgh neighborhood of Penn Hills, police officers Ryan Walters, Joseph Blaze, and David Wilkinson responded to a report of a suspicious man in a blue coat playing with a handgun near 8180 Chaske Street, a notoriously high crime area. Officer Walters was first to approach the man in the blue coat, later identified as Sean Reed. Walters, exiting his patrol car and approaching Reed, asked Reed to put his hands up. Instead, Reed turned away from Walters and began to run. Walters gave chase.
Running between houses and towards the woods, Reed slipped on a heap of trash and fell head first into a pile of logs, cutting his forehead. Walters, now ten feet behind Reed, ordered Reed to stay down but, dazed from his fall, Reed began to stand up, his back to Walters. Walters noticed that Reed’s right hand was not visible, as if reaching into his pocket. Walters then heard a single gunshot come from where Reed was standing on the trash heap. Blaze also testified to hearing the gunshot from his position farther down the street. Drawing his service weapon, Walters again ordered Reed to stop, but again Reed fled.
Walters radioed to Blaze and Wilkinson to set up a perimeter to block Reed’s escape onto nearby Lincoln Road. Reed did not get far, and after refusing to comply with orders to get on his knees, he was tackled by Walters and Wilkinson, handcuffed, and placed under arrest. By this time, other police officers had arrived on scene and after a pat-down which revealed no weapons or other paraphernalia, Reed was taken to the police station.
Within five minutes, Officers Walters, Blaze, and Wilkinson returned to the trash heap where they had heard the gunshot and found a dry gun lying on top of the wet trash in plain sight. The area still smelled like gunpowder, and the gun had one round chambered and seven more in the magazine. There was no rust on the gun. The officers could not find the bullet case in the debris, and laboratory results *802 produced no latent fingerprints for identification. The gun was later identified as one manufactured in Austria in or after 1990.
Reed was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Following a trial, a jury returned a verdict of guilty. The District Court, after reviewing Reed’s presentence report, found that Reed’s total offense level was 33 based on the Armed Career Criminal Guidelines. Moreover, the Court found that Reed fell under Criminal History Category VI. Hence, Reed was subject to an advisory Guidelines range of 235 to 293 months’ imprisonment. Arguing that his previous criminal record was double counted against him under U.S.S.G. § 4B1.4, and questioning the policy behind the Armed Career Criminal Guidelines, Reed was permitted to file additional briefing by the District Court, in addition to having multiple sentencing hearings. However, the District Court found the Guidelines range reasonable and sentenced Reed to 235 months imprisonment, arguing that “[i]f the Court were to sentence this defendant below the applicable guideline range, sentencing disparities would result.” App. 367.
On appeal, Reed argues that: (1) the evidence was insufficient to support the possession element of § 922(g)(1) such that his conviction ought to be vacated; (2) jury instructions on the interstate commerce element of § 922(g)(1) were unconstitutional; and (3) the District Court’s sentence was substantively unreasonable.
II.
A.
We first address Reed’s conviction under § 922(g)(1). Conviction under this section requires that the government prove beyond a reasonable doubt: (1) that the defendant had previously been convicted of a crime punishable by a term exceeding one year, (2) that the defendant knowingly possessed a firearm, and (3) that the firearm had passed in interstate commerce. United States v. Dodd, 225 F.3d 340, 344 (3d Cir.2000). Here, the parties stipulated before trial that Reed had the requisite felonious past.
Reed did not move for a judgment of acquittal as to the possession element at trial, so we review the sufficiency of the evidence for plain error. United States v. Mornan, 413 F.3d 372, 381 (3d Cir.2005) (holding that, “[Wjhere, as here, a defendant does not preserve the issue of sufficiency of the evidence by making a timely motion for judgment of acquittal at the close of the evidence, this Court reviews the sufficiency of the evidence for plain error.”). The plain error standard mandates that a reviewing court may reverse the district court “only if it finds that (1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error affected the defendant’s substantial rights.” United States v. Syme, 276 F.3d 131, 143 (3d Cir.2002) (citations, and internal quotation marks and alterations omitted). The burden is on the defendant to demonstrate that “plain error” occurred, and it is a “very heavy” one. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Additionally, “we ‘view the evidence in the light most favorable to the government and must sustain a jury’s verdict if a reasonable jury believing the government’s evidence could find beyond a reasonable doubt that the government proved all elements of the offenses.’ ” Mornan, 413 F.3d at 382 (quoting United States v. Rosario, 118 F.3d 160, 167 (3d Cir.1997)).
Here, no error was committed, let alone a plain error. Among the evidence the Government presented to the jury *803 were: Reed’s resemblance to the description provided in the call to the police; Officer Walters’ testimony that he saw Reed reach into or around his pants, followed immediately by the sound of a gunshot; Officer Blaze’s testimony that he heard the gunshot from an adjacent street; the officers’ testimony that they smelled gunpowder near the trash heap where Reed fell; the officers’ recovery of a dry, rust-free gun on a wet day five minutes after Reed fell; and finally evidence that the gun had one bullet chambered and seven more in the magazine. Circumstantial evidence such as this has long been held by this Court to be sufficient for a conviction. See, e.g., United States v. Iglesias, 535 F.3d 150, 156 (3d Cir.2008) (“[T]he government may defeat a sufficiency-of-the-evidence challenge on circumstantial evidence alone.”). The Government presented evidence providing ample support for an inference that Reed was in possession of a firearm.
B.
Next, Reed argues that his conviction should be reversed and remanded for a new trial because the District Court’s jury instructions concerning the interstate commerce element of 18 U.S.C. § 922(g) were unconstitutional in light of United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), and United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), each refining the permissible use of Congress’s power under the Commerce Clause of the United States Constitution.[2] We disagree. Reed’s argument has been consistently rejected by this Court. See, e.g., United States v. Singletary, 268 F.3d 196, 205 (3d Cir.2001) (holding that “proof ... that the gun had traveled in interstate commerce, at some time in the past, [is] sufficient to satisfy the interstate commerce element.”).
C.
Finally, Reed argues that his 235 months’ sentence pursuant to U.S.S.G. §§ 2K2.1 and 4B1.4 was substantively unreasonable. Reed contends that the Armed Career Criminal Guidelines are not based on empirical data and national experience and that the District Court thus abused its discretion in sentencing Reed within that range.
We review Reed’s claims of sentencing errors for abuse of discretion. See United States v. Russell, 564 F.3d 200, 203 (3d Cir.2009) (citing United States v. Lloyd, 469 F.3d 319, 320 (3d Cir.2006)). This is a twofold process, first requiring this Court to “ensure that the district court committed no significant procedural error in arriving at its decision.” Id. Then, “if we determine that the district court has committed no significant procedural error, we ... review the substantive reasonableness of the sentence.” Id. Here, Reed contends only that the sentence imposed was substantively unreasonable.
Assessing the reasonableness of a sentence requires this Court to consider whether the sentencing judge was faithful to 18 U.S.C. § 3553(a), which “tells the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing ...; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted *804 disparities; and (7) the need for restitution.” Rita v. United States, 551 U.S. 338, 347-48, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). In Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Supreme Court held that “closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge’s view that the Guidelines range ‘fails properly to reflect § 3553(a) considerations’ even in a mine-run case.” 128 S.Ct. at 575 (quoting Rita, 551 U.S. at 351). However, the Supreme Court found such close scrutiny unwarranted where the Guidelines do not exemplify the Commission’s exercise of its characteristic role.
Reed argues that the Commission was not exercising its characteristic role in formulating the Armed Career Criminal Guidelines. In particular, Reed contends that the Guidelines cannot be based on national experience since Pennsylvania’s sentence for an equivalent offense would be lower.[3] Reed thus maintains that the District Court should have given him a downward variance from those Guidelines. This logic is tenuous at best.
Reed’s single example was by no means sufficient to require the District Court to conclude that the Armed Career Criminal Guidelines do not adequately reflect all of the § 3553(a) considerations. The District Court considered Reed’s argument to the contrary by allowing him multiple briefing opportunities and sentencing hearings, but found that the Armed Career Criminal Guidelines did in fact reflect § 3553(a) factors. The District Court further found that there was nothing unique about Reed’s case, and thus concluded that a Guidelines range sentence was necessary to meet those factors. We find there was no abuse of discretion by the District Court in imposing a sentence within the Guidelines.
Finally, Reed argues that even if the Armed Career Criminal Guidelines are an appropriate sentencing reference, his previous criminal record has been twice counted against him: once in determining his offense level, and again in determining his criminal history score. However, “only when the Guidelines explicitly prohibit double counting will it be impermissible to raise a defendant’s offense level under one provision when another offense Guideline already takes into account the same conduct.” United States v. Fisher, 502 F.3d 293, 309 (3d Cir.2007) (citation, quotation marks and alteration omitted). We agree with the District Court that “[t]he emphasis on these prior convictions in both the calculation of the base offense level and a criminal history category addresses different public policy concerns.” App. 366.
III.
For the foregoing reasons, we will affirm the judgment of the District Court as to Reed’s conviction and sentence.

. The District Court had subject matter jurisdiction pursuant to 18 U.S.C.§ 3231,and this Court has jurisdiction over Reed's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

. Reed concedes he only advances this argument in an effort to preserve it for en banc or Supreme Court review.

. Reed cites 18 Pa. Cons.Stat. § 6105 (2000), the Pennsylvania state equivalent of § 922(g), as evidence that the Congressional statute proscribes greater than necessary sentences. The Government contends that even if the District Court were to apply Pennsylvania's sentencing guidelines to Reed's case, his sentence would in fact be longer than the 235 month sentence he received.