**UNITED STATES of America**

v.

**Jesus FRIAS–CISNEROS, Appellant.**

No. 06–4214.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 17, 2009.

Filed: Nov. 17, 2009.

---

**5.** The 2006 reinstatement application and documentation of the DHS's reasons for deni-   al are not in the record.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Joseph R. Donahue, Esq., Brickfield & Donahue, River Edge, NJ, for Appellant.

Before: RENDELL, BARRY and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Jesus Frias–Cisneros [1] appeals his sentence to a term of 99 months' imprisonment and 5 years' supervised release for conspiring to distribute and possess with intent to distribute between 15 and 50 kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846. Frias–Cisneros contends that the District Court failed to adequately consider the factors specified in 18 U.S.C. § 3553, and that it did not prop-

---

1. Defendant's brief spells his last name as "Farias–Cisneros." However, because the caption and the relevant District Court docu- ments all use the "Frias–Cisneros" spelling, we do as well.

erly account for his immigration status or the poor conditions of his pretrial confinement. We will affirm the judgment of the District Court.

### Jurisdiction and Standards of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

In reviewing a sentence, our standard of review depends on whether the asserted sentencing errors were raised before the district court. If they were, we review for abuse of discretion. *United States v. Russell*, 564 F.3d 200, 203 (3d Cir.2009). If they were not, we review for plain error. *Id.*

When reviewing a sentence for abuse of discretion, we consider whether the sentence was procedurally correct and, if so, whether it was substantively reasonable. *United States v. Sevilla*, 541 F.3d 226, 230 (3d Cir.2008). To satisfy the procedural dimension of this standard, "[t]he record must disclose meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of the relevant factors, in arriving at a final sentence." *United States v. Grier*, 475 F.3d 556, 571–72 (en banc) (3d Cir.2007). However, judges need not explicitly discuss each of the § 3553(a) factors on the record. *United States v. Charles*, 467 F.3d 828, 831 (3d Cir.2006).

When we review for plain error, we consider whether the District Court committed an error that was plain—i.e., "clear or obvious"—and affected the substantial rights of the defendant. *Russell*, 564 F.3d at 203–04 (citations and internal quotation marks omitted).

### Discussion

■ Defendant challenges his sentence on three grounds. He first argues that the District Court failed to discuss any of the § 3553(a) factors other than "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1). Specifically, defendant claims that the Court should have considered (1) the low likelihood that he would commit another offense, including because he has diabetes and will likely be deported after serving his sentence; (2) the lower sentences imposed on some of his co-defendants; (3) his limited role in the offense; (4) his cooperation with the Government; (5) unspecified Sentencing Commission policy statements; and (6) in connection with the evaluation under § 3553(a)(3) of "the kinds of sentences available," the poor conditions at Passaic County Jail.

We find that the Court adequately considered and discussed the § 3553 factors in arriving at a sentence. The Court explicitly discussed defendant's background, cooperation, and "high level" role in the conspiracy, as well as the "extraordinary" scale of the conspiracy. This recitation implicitly addressed "the seriousness of the offense" and the need "to protect the public from further crimes of the defendant." § 3553(a)(2)(A), (C). By discussing the "extraordinary" nature of the conspiracy, Frias–Cisneros's "high level" role in it, and his "limited" cooperation after his arrest, the Court essentially rejected the arguments that a lower sentence would have been justified because the other defendants had received lower sentences or because Frias–Cisneros had played only a limited role in the conspiracy and had cooperated with the Government. As to the remaining issues raised by defendant, there was no reason for the Court to address them. Although Frias–Cisneros mentioned his diabetes to the Court, neither he nor defense counsel argued at sentencing that this made him less likely

to engage in future criminal activity. Similarly, no one argued at sentencing that he should receive a lighter sentence because he would be unlikely to commit further offenses in the United States due to his pending deportation. Finally, it is not clear from defendant's argument which policy statements the Court should have found "pertinent" to the sentencing under § 3553(a)(5), or how the Court should have considered the conditions of pretrial detention in selecting from "the kinds of sentences available" under § 3553(a)(3).

■ Defendant's second argument is that the Court should have adjusted his sentence based on the poor conditions at Passaic County Jail, where defendant was detained prior to sentencing. Defendant claims that the conditions at the jail "fall below modern standards of decency" and that the Court should have "remed[ied] [this] constitutional violation in imposing a sentence." In support of this argument, defendant cites general Eighth Amendment law and three cases where district courts granted departures or variances because of "sub-standard pre-trial confinement" conditions. Defendant also makes a vague argument that the poor conditions at the jail—specifically, a history of murders and assaults (none of which had to do with defendant), and the fact that defendant received a death threat from a criminal associate while both were held at the jail—amounted to a due process violation.

The District Court did not abuse its discretion in declining to adjust the sentence based on these conditions. Defendant has pointed to nothing in § 3553 or our case law that requires a sentencing judge to take into account the conditions of pretrial detention in fashioning a sentence. Nor does he cite any cases that support his contention that the remedy for an asserted due process violation during pretrial confinement is a reduced sentence. More-

over, the Court in fact did try to remedy the problem by asking the Bureau of Prisons to remove defendant to a federal facility as quickly as possible.

■ Defendant's final argument is that the District Court should have given him a reduced sentence in order to avoid an unwarranted sentencing disparity caused by his status as an immigrant. Specifically, defendant contends that, unlike U.S. citizens, he will be ineligible for release into a halfway house at the end of his sentence, credits for participation in a residential drug or alcohol abuse program, and designation to a minimum security prison. Defendant concedes, however, that he did not raise this issue before the District Court. We therefore review this claim for plain error, and we see no basis for concluding that the District Court erred in failing to adjust the sentence based on defendant's immigrant status. We will therefore affirm the judgment of the District Court.