**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 09-1151

———

UNITED STATES OF AMERICA,

v.

AARON AGNEW,

Appellant.

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-02-cr-00055-001)
District Judge:  Hon. William W. Caldwell

———

Submitted under Third Circuit LAR 34.1(a)
on November 10, 2009

Before:  AMBRO, GARTH, and ROTH, Circuit Judges

(Opinion filed March 30, 2010 )

———

O P I N I O N

———

**ROTH,** Circuit Judge:

Aaron Agnew appeals his sentence of 210 months imprisonment after a jury trial

convicting him of possession with intent to distribute more than 50 grams of crack

cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm as a convicted

felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  Agnew alleges that the

District Court erred by denying his motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(2), based on the lower sentencing range provided by Amendment 706.  He also

seeks to be resentenced based on testimony given by the Department of Justice regarding

the disparity in sentencing for crack cocaine and powder cocaine.  Agnew lastly contends,

for issue preservation only, that the District Court improperly treated a Sentencing

Commission policy statement as mandatory.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary

review over a district court's interpretation of the Sentencing Guidelines, and review a

decision concerning a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for abuse

of discretion.  *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

Agnew first contends that the District Court erred in denying him a sentence

reduction based on Amendment 706, which retroactively amended the Sentencing

Guidelines by lowering the base offense level for most quantities of crack cocaine by two

levels.  *See* U.S.S.G. § 1B1.10.  A defendant is eligible for a sentencing reduction if he

was originally "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission."  *United States v. Styer*, 573

F.3d 151, 153 (3d Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)).  However, "when a

---

[1]Agnew's original sentence of 300 months imprisonment was reduced to 210 months after the District Court resentenced him in light of *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory.

2

retroactive amendment does not have the effect of lowering the Guideline sentence," no reduction in the term of imprisonment is authorized. *United States v. Doe*, 564 F.3d 305, 309, 315 (3d Cir. 2009). Agnew's applicable guideline range was 360 months to life imprisonment, which the District Court properly found was unaffected by Amendment 706. Therefore, the District Court did not err in refusing to modify Agnew's sentence. Additionally, we reject Agnew's argument that the phrase "based on" contained in 18 U.S.C. § 3582(c)(2) is so ambiguous as to require that the rule of lenity be applied in his favor. *See id.* (the phrase "based on" in § 3582(c)(2) "do[es] not contain such an ambiguity that the Court can make no more than a guess as to what Congress intended").

Agnew next asserts that he is entitled to be resentenced in light of the DOJ's position on the disparity between sentences given for crack cocaine offenses and those given for powder cocaine offenses. On April 29, 2009, the Assistant Attorney General for the DOJ Criminal Division testified at a Senate hearing that, "The Administration believes Congress's goal should be to completely eliminate the sentencing disparity between crack cocaine and powder cocaine." *See* http://judiciary.senate.gov/pdf/09-04-29BreuerTestimony.pdf at 10 (last visited Nov. 12, 2009). However, concern over the disparity in sentences given for crack cocaine and powder cocaine existed when Agnew was resentenced. Indeed, Amendment 706 was an effort to deal with the disparity. Moreover, the District Court properly exercised its discretion to reduce Agnew's sentence based on its express disagreement with the crack/powder sentencing disparity. (*See* App.

3

31-32 ("I have always felt personally that Congress, in enacting this great difference between powder and crack, really is unreasonable, and that is why . . . I reduced the original sentence from what the guidelines might have required.")); *see also United States v. Russell*, 564 F.3d 200, 204 (3d Cir. 2009) (district courts may reduce sentences based on their opposition to the policy of the crack/powder cocaine sentencing ratio). Accordingly, Agnew is not entitled to be resentenced based on the DOJ's position endorsing the elimination of the crack/powder cocaine sentencing disparity.

Finally, Agnew argues that the District Court improperly treated a Sentencing Commission policy statement contained in section 1B1.10 of the Sentencing Guidelines as mandatory. However, we have previously held that "U.S.S.G. § 1B1.10 is binding on the District Court pursuant to § 3582(c)(2)." *Doe*, 564 F.3d at 314. Accordingly, the District Court did not abuse its discretion in treating the policy statement as mandatory.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.