NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2479
_____

UNITED STATES OF AMERICA

v.

DENROY GAYLE,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00357)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2010

Before:  SCIRICA, RENDELL and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed:  November 5, 2010)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

On May 15, 2007, the Appellant, Denroy Gayle, was convicted by a jury of three counts involving possession of drugs and guns.  He was sentenced to serve a total of 180 months.  On appeal, Gayle raises six issues relating to his conviction and sentence.  We review each issue individually below.

## Crack/Powder Ratio

Gayle challenges his sentence based on our earlier ruling in *United States v. Russell*, 564 F.3d 200 (3d Cir. 2009), where we reversed the District Court because it did not understand that it could deviate from the United States Sentencing Guidelines' crack/powder ratio when sentencing. Gayle similarly challenges his sentence by urging that the District Court here was unaware of its ability to deviate from the crack/powder ratio, and thus, there was reversible error. We disagree.

Gayle did not raise this issue or request a variance from the guidelines at his sentencing, so our review is for plain error. To establish plain error, the defendant must prove that there is an "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997); *quoting United States v. Olano*, 507 U.S. 725, 732 (1993). Here, Gayle is unable to establish the first prong of the test. Gayle even concedes in his brief that the District Court correctly calculated the guidelines at the time of sentencing. There was no reversible error under the facts of this case.

## Identity of Informant

Gayle challenges the District Court's denial of his motion to compel the government to disclose the identity of the confidential informant involved in controlled buys which resulted in Gayle's prosecution. We review the District Court's ruling

under an abuse of discretion standard. *United States v. Johnson*, 302 F.3d 139, 149 (3d Cir. 2002). We find no abuse of discretion.

Courts have long recognized the government's right to withhold the identity of informants from defendants. *Roviaro v. United States*, 353 U.S. 53 (1957); *see also McCray v. State of Illinois*, 386 U.S. 300, 309 (1967). Disclosure of an informant's identity is required only when a defendant can make an adequate showing that disclosure is, both, "relevant and helpful to the defense" and "essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60-61.

Gayle argues that the identity of the informant is relevant, helpful, and essential to a fair determination of his cause because the search warrant which resulted in his arrest was rooted in the controlled buys. Gayle contends that the informant played a major role in the buys, and thus, the informant should be made available for questioning to challenge the evidence which supported the search warrant. Additionally, Gayle claims he should have the opportunity to challenge the informant's identification of Gayle.

The District Court concluded that while it may have been somewhat relevant and helpful to Gayle's defense, Gayle's interest did not meet the required standard, because it was not essential to a fair determination of his case, given the fact that he was not charged with the controlled buys in the indictment, but only with guns and drugs discovered later. The officer who observed the controlled buys took the stand and was available for questioning on all aspects of the buys. The buys resulted in identifications, by not only the informant, but also the officer, who, based on his observations of the buys, later identified Gayle through police photos. Finally, the cash from the transactions

3

was found on Gayle during the search. In light of this substantial amount of evidence in support of the warrant and the identification of Gayle, as well as Gayle's opportunity to question the officer on the stand, and with the protective policy of informants long held by this Court in mind, it was not an abuse of discretion for the District Court to conclude that Gayle's interest in the identity of the informant was not sufficient to require disclosure to induce the release of the identity of the informant. We will affirm the denial of Gayle's motion to compel.


## Expert Testimony

Gayle contends that the District Court erred by admitting the expert testimony offered by the Government. Gayle claims that, first, the testimony was unreliable, and, second, the court erred by not holding a Daubert hearing prior to admitting the testimony. We review a district court's evidentiary ruling under an abuse of discretion standard. *United States v. Mathis*, 264 F.3d 321, 335 (3d Cir. 2001). We find that the Court did not commit an abuse of discretion by admitting the expert testimony.

First, we have repeatedly held that testimony that is based on experience and training relating to the modus operandi of drug trafficking is a reliable field for expert testimony. *United States v. Perez*, 280 F.3d 318, 341-42 (3d Cir. 2002). *See also United States v. Watson*, 260 F.3d 310, 307 (3d Cir. 2001); *United States v. Gibbs*, 190 F.3d 188, 211 (3d Cir. 1999). Second, Gayle waived his claim to a Daubert hearing by agreeing, prior to trial, to decide the issue on the memoranda. In light of our precedent and Gayle's

4

waiver, we find that the District Court did not abuse its discretion in admitting the expert testimony.

## Controlled Buys

Gayle challenges the District Court's admission of Rule 404(b) "other acts" evidence - namely the controlled drug purchases - urging that it did not pass muster under Rule 403 of the Federal Rules of Evidence. We usually review an evidentiary ruling of a district court for an abuse of discretion. *United States v. Himelwright*, 42 F.3d 777, 781 (3d Cir. 1994), citing *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992). However, here, the District Court did not engage in a 403 analysis on the record. Therefore, we will not review for abuse of discretion, but will conduct the Rule 403 weighing ourselves. *Id.*

Rule 403 states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Evidence is unfairly prejudicial only if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' Advisory Committee's Note, Fed. R. Evid. 403." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980)

Gayle urges that the evidence is more prejudicial than probative because the officer who testified to the buys was "a great distance away and in difficult lighting conditions." Additionally, Gayle argues that the evidence is confusing because the Government failed to charge these specific acts with the crimes alleged and, therefore, the evidence could cloud the judgment of the jury. We disagree with Gayle's argument. Clearly the evidence was damaging; however, it was certainly relevant and probative as going to the knowledge, intent, and identity in relation to the crimes he was charged with. The weakness in the evidence goes to its weight, not to its admissibility. Moreover, the District Court instructed the jury as to how it should consider the evidence. We will affirm the District Court's ruling admitting the evidence of the controlled buys.


Firearms Charges

Gayle challenges his firearms convictions by stating that the evidence does not support the guilty verdicts. We review a challenge of a jury verdict under a particularly deferential standard. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We view the evidence in a light most favorable to the government to determine whether any rational trier of fact could come to the conclusion of guilt beyond a reasonable doubt based on the evidence. *United States v. Wolfe*, 245 F.3d 257 (3d Cir. 2001). In doing so, we can "draw all reasonable inferences in favor of the jury's verdict." *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996). We will affirm the convictions.

6

Gayle specifically challenges the jury's finding of the element of possession as part of his convictions. Gayle claims that because he never actually possessed the weapon, the element was not proven beyond a reasonable doubt. Despite this fact, Gayle's claim fails, because actual possession is not required to satisfy the element of possession; rather constructive possession will suffice. *See United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). We have held that "constructive possession exists if an individual 'knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.'" *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992)(*quoting United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1997)). The jury was instructed prior to deliberations as to the definition of constructive possession, and that it can satisfy the element of possession for Gayle's charged crimes.

The jury considered evidence of the guns being found in Gayle's residence; that the guns were found with or near the drugs; that Gayle was identified by the informant and the police officer as the drug dealer; that Gayle was present when the search was commenced; that the drugs found with the gun were packaged in the same manner as the drugs which Gayle had sold to the informant during the controlled buys; that the scale used to package the drugs had Gayle's fingerprints all over it; and testimony by a narcotics expert about the links between the drugs and guns, and how the location of the guns was indicative of a use in furtherance of the drug trade. The mere fact that the guns were not found in Gayle's physical possession does not control the analysis. Rather, all of this evidence, when viewed under the deferential standard set forth above, clearly

7

supports a rational juror's conclusion that the element of possession required to convict

Gayle for the firearms crimes was satisfied. We will therefore affirm the jury verdicts.


Ineffective Counsel

Finally, Gayle raises an issue of ineffective assistance of counsel. We have held

that direct appeal, generally[1], is not the appropriate forum for this type of challenge. Such

claims are reserved for collateral proceedings pursuant to 28 U.S.C. § 2255, when the

record for such claims may properly be developed. *Massaro v. United States*, 538 U.S.

500, 504-05 (2003); *United States v. Thornton*, 327 F.3d 268, 271-72 (3d Cir. 2003).

Therefore, we will not review this issue.

In light of the above discussions, we will affirm Gayle's convictions and sentence.

---

[1] There is a very narrow exception to this rule where the existing record establishes actual ineffectiveness. *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). Here, the facts of record would not allow for an effective review.