NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 09-2878

UNITED STATES OF AMERICA

v.

DONALD CARR

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 4-07-CR-00481-001)
District Judge: Hon. James F. McClure, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 8, 2010

Before: McKEE, Chief Judge,
BARRY and GREENBERG, Circuit Judges

(Opinion filed: November 18, 2010)

OPINION

McKEE, Chief Judge.

Donald Carr appeals the sentence of 60 months incarceration imposed pursuant to

his guilty plea to one count of conspiracy to distribute and possess with intent to distribute

cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). For the reasons that

1

follow, we will affirm.[1]

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the facts or procedural history.

Carr argues that the district court failed to adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and that it did not realize its authority to deviate from the recommended guideline range based on the disparate treatment afforded offenses involving crack cocaine as opposed to powder cocaine.   He claims that the resulting sentence was therefore substantively unreasonable.

We review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*) (applying *Gall v. United States*, 552 U.S. 38, 51 (2007)).   In evaluating the reasonableness of the sentence, we examine whether the district court gave "meaningful consideration" to the sentencing factors enumerated in § 3553(a). *Merced*, 603 F.3d at 214.   The record must demonstrate that the sentencing judge "set forth enough to satisfy the appellate court that he [or she] has considered the parties' arguments and has a reasoned basis for exercising his [or her] own legal decisionmaking authority."   *Rita v. United States*, 551 U.S. 338, 356 (2007).   A sentencing court, however, "need not make findings on the record as to each factor if it is clear from the record that the court took the factors into account."   *United States v. Lessner*, 498 F.3d

---

[1]   We have jurisdiction to review the district court's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

185, 203 (3d Cir. 2007).

Carr claims that the district court erred by unduly emphasizing the need to punish and deter and the need to protect society at the expense of other § 3553(a) factors. He claims that that the district court placed an "undue focus" on criminal history and that the court was offended by Carr's previous conduct. Our review of the record convinces us that this argument is without merit.

The transcript of the sentencing hearing confirms that the district court considered Carr's work history, the fact that the purchases of cocaine were primarily for personal use, and Carr's efforts to address his addiction. The court even noted that Carr had not fled authorities even though he had been tipped off that they were waiting for him. In fact, to his credit, appellate counsel's brief contains specific references to the court's careful consideration of the defendant's personal circumstances and his efforts at rehabilitation. *See* Appellant's Br. at 8 to 9.

Nothing in this record suggests that the court inappropriately considered Carr's past conduct. Rather, the court appropriately used its discretion in order to determine a sentence in compliance with the factors set forth in § 3553(a).

Carr also argues that the district court failed to meaningfully consider the need to avoid unwarranted sentencing disparities in accordance with § 3553(a)(6). At his sentencing, Carr argued for a sentence below the guidelines range by relying on § 3553(a)(6) and analogizing his culpability to others who either were not prosecuted or who might have received lesser sentences. The court stated that it "really cannot consider" individuals who were not charged, observing that the "prosecution has reasons that are beyond the ken of the court" in exercising its prosecutorial discretion. App. 81. As to other non-federal defendants on whom Carr based his argument, the court observed that "as of yet" neither Carr nor the court knew what their sentences were going to be.[2] App. 82

Moreover, the court discussed the need to eliminate any disparity that might otherwise be present when Carr's sentence is compared with sentences of two co-defendants. App. 90. The court observed that of the "only two" other defendants the court had sentenced one who had a more serious criminal record than Carr received a sentence of 87 months; the other, "[the court thought] having no record at all probably," received a sentence of 46 months. App. 90. The court reasonably concluded that sentencing Carr to 60 months was consistent with the sentences imposed on those defendants.

Finally, Carr argues that the district court failed to consider its authority to address the disparity between the way crack and powder cocaine are addressed in the guidelines.

_____

[2] Carr conceded that such an analysis was difficult because he did not have the presentence reports or criminal histories of the state defendants in question.

4

The transcript of the sentencing hearing belies the argument. The district court stated: "I realize I have the authority to do that." App. 57. Thus, the court clearly understood that it had the legal authority to impose a sentence that addressed that disparity, but it decided not to exercise that discretion in Carr's favor.

A sentencing court commits plain error and thereby abuses its discretion if it incorrectly believes that it is bound to follow the guidelines for crack cocaine offenses. *United States v. Russell*, 564 F.3d 200, 204 (3d Cir. 2009) (citing *United States v. Wise*, 515 F.3d 207, 222 (3d Cir. 2008)). It is clear that that did not happen here. Rather, the court refused to exercise that discretion because it believed that singling out Carr as he was urging "would work a disparity between him and all other co-defendants," as well as between Carr and similar defendants prosecuted in the district. While a sentencing court *may* categorically reject the crack-powder differential, it is not *required* to do so. *See United States v. Gunter*, 462 F.3d 237, 249 (3d Cir. 2006) ("[T]he District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential").

For the reasons set forth above, we affirm the district court's sentence.