**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4786

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ALANDIS D. PATTERSON,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:16-cr-00299-BHH-2)

Submitted:  October 19, 2018                     Decided:  December 3, 2018

Before GREGORY, Chief Judge, DIAZ and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scarlet B. Moore, Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Jamie Lea Nabors Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Alandis D. Patterson to 240 months' imprisonment after Patterson pled guilty to conspiracy to commit commercial sex trafficking, in violation of 18 U.S.C. § 1591(a)(1), (2). On appeal, Patterson raises three challenges to the district court's Sentencing Guidelines calculations and further contends that his sentence is substantively unreasonable. We affirm the district court's judgment.

"We accord due deference to a district court's application of the sentencing guidelines." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). We review the district court's factual determinations for clear error. *Id.* However, "if the issue turns primarily on the legal interpretation of a guideline term, the standard moves closer to de novo review." *Id.* (alterations and internal quotation marks omitted).

First, Patterson contends that the district court erred in awarding one criminal history point for his previous conviction for possessing marijuana. A defendant receives one criminal history point for a prior sentence of less than 60 days' imprisonment. U.S. Sentencing Guidelines Manual § 4A1.1(c). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." USSG § 4A1.2(a). Section 4A1.1(c) is designed to include "sentences of less than sixty days, probation, fines, and residency in a halfway house." USSG § 4A1.1 cmt. background. Thus, the district court rightfully counted Patterson's conviction, even if the state court imposed no active jail sentence. *See United States v. Russell*, 564 F.3d 200, 206 (3d Cir. 2009).

2

Patterson next contends that the district court erred in applying a cross-reference to calculate his base offense level. Section 2G1.1 provides that a court should apply USSG § 2A3.1 if the offense involved conduct described in 18 U.S.C. § 2241(a), (b) or 18 U.S.C. § 2242. USSG § 2G1.1(c)(1). As relevant here, this cross-reference applies if the offense conduct involved "using force against the victim [or] threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping." USSG § 2G1.1 cmt. n.4(A). The government bears the burden to prove a cross-referenced offense by a preponderance of the evidence. *See United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012); *see also United States v. Chandia*, 675 F.3d 329, 338-39 (4th Cir. 2012) (holding that "the due process clause does not require the district court to find uncharged conduct by a heightened standard of proof before using it as a basis for determining a defendant's sentence" (internal quotation marks omitted)).[*]

We conclude that the district court correctly applied the cross-reference. While Patterson argues that the victim voluntarily prostituted herself, he admitted at the Fed. R. Crim. P. 11 hearing that he used force on at least one occasion to compel the victim to engage in a commercial sex act. "A defendant's solemn declarations in open court . . . carry a strong presumption of verity." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Patterson does not contend that his plea was unknowing, and the information alleged that Patterson used force to compel an individual to engage in a commercial sex

---

[*] Accordingly, we reject Patterson's argument that the Government should have been required to establish the cross-referenced offense by clear and convincing evidence.

act. And Patterson's conclusory assertion that he did not routinely or severely beat the victim is insufficient to rebut the numerous facts describing his offense conduct.

Patterson also argues that the district court erred in denying him a reduction for acceptance of responsibility under § USSG 3E1.1. We review the district court's denial of the acceptance of responsibility adjustment for clear error, giving "great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (alteration and internal quotation marks omitted). To earn a reduction, "a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility. *Id.*

We conclude that the district court did not clearly err in denying Patterson the acceptance reduction. Patterson admitted in open court at the Rule 11 hearing that he used force to coerce an individual to engage in a commercial sex act, but then vigorously objected to the Guideline that corresponded to this offense conduct. Moreover, Patterson denied that he routinely or severely beat the victim, when the evidence in the record shows that he beat her every day and to the point that, on one occasion, she required medical attention. Additionally, during Patterson's allocution at sentencing, he attempted to minimize the severity of his conduct.

Finally, Patterson argues that his sentence is substantively unreasonable because his codefendant received a lesser sentence and his codefendant's offense involved a

4

minor. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Having concluded that there was no procedural error, we review Patterson's sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Patterson's argument fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence. The district court rightfully concluded that Patterson's offense conduct was abhorrent—he found a vulnerable victim, introduced her to prostitution and drugs, and then used her dependence on cocaine and heroin, along with physical violence, to compel her to turn over all of her prostitution earnings to him. While Patterson's codefendant received a much shorter sentence than Patterson, Patterson conceded that his codefendant did not use force against his victims. Moreover, 18 U.S.C. § 3553(a)(6), which concerns unwarranted sentencing disparities, aims "to promote national uniformity in sentencing rather than uniformity among codefendants in the same case." *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006); *accord United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

5

*AFFIRMED*