OPINION OF THE COURT
FUENTES, Circuit Judge:
Jose Luis Flores-Mejia was sentenced to 78 months’ imprisonment following his guilty plea to a single count of reentry after deportation. On appeal, he contends that his sentence must be vacated because the District Court failed to sufficiently consider an argument he made in his sentencing memorandum and at the sentencing hearing: that his attempts at cooperation with the Government warranted a below-Guidelines sentence. The Government acknowledges that the District Court erroneously imposed the sentence without considering the cooperation argument. However, it contends that defense counsel’s failure to object to this error at sentencing means that Flores-Mejia’s claim is subject to, and fails upon, plain error review. The Government recognizes that we held in United States v. Sevilla, 541 F.Sd 226, 232 (3d Cir.2008) that no additional objection is required under circumstances such as these, but urges us to overrule Sevilla or at the very least not follow it.
For the reasons that follow, we conclude that we are bound by Sevilla and that we are not permitted to revisit that case as a three-judge panel. Accordingly, we will vacate Flores-Mejia’s sentence and remand for resentencing.
I.
The facts relevant to this appeal are undisputed. Flores-Mejia, a native and citizen of Mexico, has an extensive criminal record and has been deported from the United States on numerous occasions. On April 10, 2012, he pled guilty in the District Court for the Eastern District of Pennsylvania to one count of reentry following deportation in violation of 8 U.S.C. § 1326(a). Based on a criminal history category of VI and an offense level of 21, which included a 16 level enhancement due to one of Flores-Mejia’s prior crimes of violence, his Guidelines range was calculated as 77-96 months in prison.
In his sentencing memorandum, Flores-Mejia raised several grounds for downward departures and variances. Relevant here, he argued for a below-Guidelines sentence based on two meetings with Government agents, during which he purported to provide “detailed information regarding a homicide and a prostitution ring” in Newark, New Jersey. App. 58-59. The memorandum also explained, however, that the Government determined that the homicide in question had been solved and that Flores-Mejia’s information regarding that crime was contradicted by other evidence, and that the Government decided to not pursue the information regarding the prostitution operation.
Flores-Mejia was sentenced in July of 2012. At the hearing, the District Court first gave meaningful consideration to a number of Flores-Mejia’s arguments for a lower sentence that are not relevant here. The Court ultimately denied those requests. Subsequently, the parties addressed Flores-Mejia’s argument that his two separate efforts at cooperation regarding criminal activity in Newark warranted *224 a lower sentence. Both the Government and defense counsel offered lengthy proffers regarding Flores-Mejia’s attempts to provide the Government with information, consistent with the allegations in the sentencing memo. Defense counsel then urged the Court to “consider [Flores-Mejia’s] actions in proffering [to the Government] even though they did not rise to the level of a [motion for a downward departure under U.S.S.G. § 5K1.1] in this case.” App. 102-03. Following defense counsel’s colloquy, the Court stated: “Ok thanks, anything else?” App. 103. The District Court proceeded to sentence Flores-Mejia to 78 months’ imprisonment.
The District Court did not in any way address or mention Flores-Mejia’s request for a below-Guidelines sentence based on his attempts at cooperation other than that bare acknowledgment, and neither defense counsel nor the Government brought this failure to the District Court’s attention, via an objection or otherwise. This appeal followed.
II.
A. Standard of Review
Flores-Mejia’s sole contention on appeal is that his sentence is procedurally unreasonable because the District Court failed to sufficiently consider the argument that his attempts at cooperation warranted a lower sentence. Under the familiar sentencing framework outlined in United States v. Gunter, a district court must at the third and final step of the sentencing process consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 462 F.3d 237, 247 (3d Cir.2006). To satisfy this step, a district court must “acknowledge and respond” to “any properly presented sentencing argument which has col-orable legal merit and a factual basis.” United States v. Begin, 696 F.3d 405, 411 (3d Cir.2012). Failure to give “meaningful consideration” to any such factor renders a sentence procedurally unreasonable and generally requires remand for resentenc-ing. Id.
The Government contends, however, that Flores-Mejia’s claim is subject to plain error review because his counsel did not object when the District Court failed to address Flores-Mejia’s argument regarding his attempts at cooperation.[1] The Government argues that Flores-Mejia loses under plain error review because his argument regarding cooperation was “clearly meritless, bordering on frivolous,” and he therefore cannot establish “that the result of the proceeding would have been different had the court said more about his meritless variance claim,” Gov’t Br. at 43, 49-50, as is required to prevail under plan error review. Flores-Mejia counters that our review is limited to whether the District Court gave “meaningful consideration” to his asserted grounds for a lower sentence, as per United States v. Sevilla, 541 F.3d 226, 232 (3d Cir.2008).
As the Government acknowledges, in Sevilla the defendant raised two grounds for a downward variance on two separate occasions — once in his sentencing memorandum and once at the sentencing hearing — but both grounds went unmentioned by the District Court in imposing sentence, other than to say it had “considered all of the § 3553(a) factors.” Sevilla, *225 541 F.3d at 232. Aside from raising the pleas for a lower sentence on two occasions, Sevilla’s counsel did not lodge an objection when the District Court failed to address those arguments. We squarely held that under those circumstances, “the District Court’s failure to address those issues did not require Sevilla to re-raise them to avert plain error review of these omissions,” and that such claims were instead subject to “meaningful consideration” review. Id. at 231. So too here. Flores-Mejia raised his attempts at cooperation both in his sentencing memorandum and at the sentencing hearing, but that argument went unmentioned by the District Court. Sevilla squarely precludes us from applying plain error review to Flores-Mejia’s claims even though his counsel did not lodge an additional objection to the sentence.
The Government candidly concedes that Sevilla “supports Flores-Mejia’s assertion that the issue was ... preserved,” Gov’t Br. at 23, but contends that Sevilla is “anomalous,” id. at 27, and that its holding “cannot be sustained,” id. at 36. The bases for the Government’s arguments in this respect are as follows. First, the Government contends that the rule set forth in Sevilla is premised on an erroneous reading of our en banc holding in United States v. Grier, where we stated that “an objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a).” 475 F.3d 556, 571 n. 11 (3d Cir.2007). According to the Government, this statement was dicta because the en banc Court in Grier “had no occasion to consider what standard of review should apply in a case such as this.” Gov’t Br. at 25-26. Second, the Government argues that Sevilla “conflicts with later decisions of this Court” such as United States v. Russell, 564 F.3d 200, 203 (3d Cir.2009) and United States v. Vazquez-Lebron, 582 F.3d 443, 445 (3d Cir.2009), where we applied plain error review to claims that were not brought to a sentencing court’s attention. Third, the Government contends that “virtually [all other Circuits are] unanimous in applying plain error review where a defendant fails to object at sentencing to the procedural reasonableness of the sentence,” and that Sevillei therefore conflicts with other Circuit authority. Gov’t Br. at 28-29. Fourth, the Government notes that we should revisit Sevilla because this issue is an “important, frequently recurring one.” Id. at 23. The Government also suggests that a rule requiring defendants to lodge additional objections saves time and effort in that it allows “any ambiguity [at sentencing to] ... be instantly corrected” and is therefore better than the rule announced in Sevilla. Id. 39-41.
But none of these arguments provide a basis for a three-judge panel of this Court to revisit a binding decision that controls the outcome of a case. “Under our Internal Operating Procedures, a panel of this Court cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so.” Chester ex rel. N.L.R.B. v. Grane Healthcare Co., 666 F.3d 87, 94 (3d Cir.2011) (citing Third Circuit I.O.P. 9.1). Alternatively, intervening Supreme Court precedent or amendments to statutes permit us to revisit a binding panel decision without invoking our en banc procedures. See id.; see also Reich v. D.M. Sabia Co., 90 F.3d 854, 858 (3d Cir.1996). The Government’s arguments regarding Sevilla, however, are at most arguments for why our Court should reconsider Sevilla en banc. See, e.g., Third Circuit I.O.P. 9.3.1 (listing the necessity to “maintain uniformity of [the *226 Court’s] decisions” and the involvement of “question[s] of exceptional importance” as criteria used to determine whether to hear a case en banc ).[2]
The Government does invoke subsequent Supreme Court authority as a basis to revisit Sevilla, but we find that attempt unavailing. Specifically, the Government contends that Sevilla has been undermined by the Supreme Court’s decision in Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). See Gov’t Br. at 33-35. But, like Russell and Vazquez-Lebron, see supra n. 2, Puckett deals with a situation in which the defendant raised an argument for the first time on appeal. It was therefore undisputed that the argument was not preserved at all, and the issue was not whether additional objections were required. Thus, Puckett does not provide a sufficient basis for a three-judge panel to revisit the binding holding of Sevilla[3]
B. Whether The District Court Meaningfully Considered Flores-Mejia’s Arguments Regarding a Lower Sentence
Having determined that the Sevilla standard of review governs this case, we consider whether the District Court meaningfully considered Flores-Mejia’s argument for a lower sentence based on his attempts at cooperation. In Sevilla, we concluded that the sentencing court’s statement that it had “considered all the § 3553(a) factors” was not sufficient to show the required meaningful consideration. This is an a fortiori case under Sevilla. Here, the District Court’s statement (“OK thanks, anything else?”) constitutes a bare acknowledgement of Flores-Mejia’s argument. Unlike the statement we deemed insufficient in Sevilla, the court’s acknowledgement here does not even imply consideration of the argument, let alone a response to it. See Begin, 696 F.3d at 411.
*227 Once again, the Government candidly admits that Sevilla “arguably supports Flores-Mejia’s position” that the claim was not sufficiently addressed, but “again respectfully suggests] that Sevilla is not binding authority, as it overlooked and conflicted with controlling Supreme Court precedent in Rita v. United States, 551 U.S. 338 [127 S.Ct. 2456, 168 L.Ed.2d 203] (2007).” Gov’t Br. at 44-45. In Rita, however, the District Court had “asked questions about each [sentencing] factor” raised by defense counsel as a basis for a lower sentence, and had summarized each argument. Rita, 551 U.S. at 344-45, 358, 127 S.Ct. 2456. Thus, while the Court in Rita did say that a “lengthy explanation” was not required regarding all relevant § 3553(a) factors, the District Court’s interaction with all of the arguments raised by defense counsel in that case stand in stark contrast to the District Court’s bare-bones acknowledgment of Flores-Mejia’s arguments in this case. It cannot be said that, as a matter of law, Sevilla is inconsistent with the Supreme Court’s prior holding in Rita,[4]
III.
For the foregoing reasons, we will remand for resentencing.

. The Government does not dispute that Flores-Mejia’s argument was properly presented to the District Court or that it had a factual basis. Nor could the Government persuasively argue that the request lacked "color-able legal merit,” given that other courts have held that a defendant's attempts at cooperation are properly considered under 18 U.S.C. § 3553(a). See, e.g., United States v. Petrus, 588 F.3d 347, 356 (6th Cir.2009); United States v. Fernandez, 443 F.3d 19, 33-34 (2d Cir.2006).

. We note that the Government’s contention that Sevilla is inconsistent with subsequent cases such as Russell and Vazquez-Lebron is incorrect. Both Russell and Vazquez-Lebron involved our consideration of arguments that the defendant did not at any point raise to the sentencing court. See Russell, 564 F.3d at 206; Vazquez-Lebron, 582 F.3d at 446-47. Thus, by definition, neither case dealt with the question of whether an additional objection is required when the District Court fails to entirely address an argument that was brought to its attention. Moreover, as Flores-Mejia correctly notes, other post-Sevilla decisions have hewed to the rule announced in Sevilla. See, e.g., Begin, 696 F.3d at 414. In addition, at least one other Circuit has stated that it "see[s] no benefit in requiring the defendant to protest further” under these circumstances, and has worried that such a "requirement could degenerate into a never-ending stream of objections after each sentencing explanation.” United States v. Lynn, 592 F.3d 572, 578-79 n. 3 (4th Cir.2010). This is consistent with the standard set forth in Rule 51(b) for preserving a claim of error, "by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take.” Fed.R.Crim.P. 51(b). Despite these reservations, we do not express a definitive view as to the desirability of the rule announced in Sevilla, let alone of the desirability of revisiting that case en banc. Suffice it to say that the Government has offered no persuasive counter to our conclusion that Sevilla dictates the outcome we reach in this case.

. We acknowledge that the Supreme Court in Puckett stated a preference for requiring preservation of errors to ”give[] the district court the opportunity to consider and resolve them.” Puckett, 556 U.S. at 134, 129 S.Ct. 1423. But preservation was arguably satisfied here given that the defendant did raise (twice) the argument he now raises on appeal. At most, the Government has shown that both the Supreme Court and our Court have, in connection with other sentencing fact patterns, favored appellate review rules that are different from the rule set forth in Sevilla. These arguments will be properly considered if and when the occasion arises to revisit Sevilla.

. The Government also suggests that "there was no error at all” because Flores-Mejia's "request for a variance based on attempted cooperation ... was clearly meritless, bordering on frivolous.” Gov’t Br. at 43. But, as noted, Sevilla only requires that the claim has “colorable” legal merit in order to require remand if the District Court fails to consider it, and we are unable to conclude that a request for a variance based on attempts at cooperation, which the Government acknowledged, is completely devoid of legal merit so as to be considered frivolous. See also supra n. 1.