BLD-273                                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2100
_____

IN RE:  STEVEN ALLEN SCHWARTZ,
                                                                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 2:03-cr-00035-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 5, 2014

Before: AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: June 10, 2014)

_____

OPINION
_____

PER CURIAM

Federal prisoner Steven Allen Schwartz, proceeding pro se, petitions for a writ of

mandamus directing the United States District Court for the Eastern District of

Pennsylvania to take certain action in connection with the above-referenced criminal

case.  For the reasons that follow, we will deny the petition.

I.

In 2005, the District Court sentenced Schwartz to 225 months' imprisonment and ordered that he pay over $1.3 million in restitution following his conviction for a host of fraud-related offenses. We affirmed that judgment on direct appeal, see United States v. Schwartz, 315 F. App'x 412, 415, 420 (3d Cir. 2009), and the United States Supreme Court denied certiorari. Thereafter, Schwartz moved the District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied § 2255 relief, and we subsequently denied Schwartz's request for a certificate of appealability. See C.A. No. 13-2131. He then moved this Court to (1) extend the time to file a petition for rehearing in that case, and (2) enter a stay in that case pending our en banc decision in United States v. Flores-Mejia, C.A. No. 12-3149. We granted those two requests in January 2014, and that case remains stayed.

On or about April 16, 2014, Schwartz sent a letter to the District Court, seeking an ex parte telephone hearing "to assist in the [c]ourt's obtaining custody and control of [certain] documentary evidence" relating to his criminal case that allegedly was never turned over by the Government. Schwartz maintained that "[w]e need to get this evidence in the custody and control of the [c]ourt and then sort out the various acts of obstruction of justice and Brady violations once the evidence is secured." On April 22, 2014, the District Court, construing this latest request "as a new application for permission to file a second or successive § 2255 motion," denied that request without prejudice to Schwartz's ability to seek such permission in this Court.

2

Schwartz now petitions this Court for a writ of mandamus, arguing that the District Court's April 22, 2014 order "is fraught with legal error," and that the District Court should be directed "to convene a prompt hearing and take all steps necessary to take custody and control of [the aforementioned] evidence."

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted). Mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Schwartz's mandamus petition effectively argues that the District Court should have held the ex parte hearing that he requested instead of treating his request as seeking permission to file a second or successive § 2255 motion. But an appeal from the District Court's April 22, 2014 order provides an adequate means of potentially obtaining relief on that argument.[1] Furthermore, although Schwartz claims that the alleged evidence at

---

[1] In making this statement, we in no way decide whether that argument would, in fact, prevail.

3

issue here "face[s] spoliation," he does not provide support for that claim. In short, we cannot conclude that this case presents extraordinary circumstances warranting mandamus relief. Accordingly, we will deny Schwartz's mandamus petition.