**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2873
_____

UNITED STATES OF AMERICA

v.

QUSHAWN BROWN,
a/k/a Mac,

               Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-19-cr-00259-001)
U.S. District Judge:  Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2023
_____

Before: SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>.

(Filed: July 12, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Qushawn Brown appeals his drug conspiracy conviction and sentence. We agree with his counsel that there are no nonfrivolous issues for appeal, and so we will grant his counsel's motion to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), and affirm.

I

Brown, along with members of a group called "Never Forget Loyalty," conspired to sell drugs out of his mother's residence in Harrisburg, Pennsylvania. Law enforcement captured images of the group's drug trafficking activities and made controlled purchases of crack cocaine from Brown and his co-conspirators. During the investigation, law enforcement searched the address Brown provided to his parole officer, where they recovered cocaine, a rifle bag, ammunition, and drug trafficking materials, and searched his mother's home, where they found multiple firearms and drug trafficking materials.

Brown was charged with (1) conspiracy to distribute heroin, fentanyl, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, (Count One), (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (Count Six), (3) possession of ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), (Count Seven), (4) four counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (Counts Eleven, Fourteen, Sixteen, and Twenty-one), (5) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

2

§ 924(c)(1)(A), (Count Thirty-four), and (6) possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), (Count Thirty-five).

Brown signed a plea agreement, which provided that he would plead guilty to Count One and the Government would dismiss the remaining counts. Paragraph 2 of the plea agreement stated that "because of the defendant's prior conviction for a serious drug felony, Count One carries a mandatory minimum period of imprisonment of ten years." App. 61. Several days later, the Government filed an Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851 (the "§ 851 Information"), which stated that Brown's prior conviction for MDMA distribution under 35 Pa. Cons. Stat. § 780-113(a)(30) qualified as a "serious drug felony," and therefore triggered a mandatory minimum term of ten years' imprisonment under 21 U.S.C. § 841(b)(1)(B). App. 85-86.

Brown entered his guilty plea two weeks later. At the plea hearing, Brown noted that he signed the plea agreement before the Government filed the § 851 Information but confirmed that this sequence did not impact his willingness to proceed with the plea. He further confirmed that he was pleading to both the crime and "the serious drug felony enhancement." App. 102. The Government provided the factual basis for the offense and enhancement, stating that Brown was convicted in 2014 of "a violation of Title 35 of the Pennsylvania Consolidated Statute, Section 780-113(A)(30), for which he served more than twelve months of imprisonment." App. 111.

The Presentence Investigation Report ("PSR") recommended a United States

3

Sentencing Guidelines range of 120-137 months' imprisonment, based on a total offense level of twenty-five, a criminal history category of VI, and the prior serious drug felony enhancement. Brown then filed a response to the § 851 Information and objected to the PSR, asserting that the Government failed to provide reasonable notice of the particular conviction that formed the basis of the § 851 Information. However, after additional conversations between counsel, Brown withdrew his objection.[1]

At the sentencing hearing, Brown explained that he withdrew his objection to the § 851 Information because he learned that such an objection would breach the plea agreement. He confirmed that he did not want to breach the plea agreement and was "willing to accept the [enhancement] if it applies to [him]." App. 164. The District Court then adopted the Guidelines calculation set forth in the PSR, considered the 18 U.S.C. § 3553(a) sentencing factors, and concluded that "a sentence at the top of the guideline range[] . . . is reasonable and appropriate, but not greater than necessary, . . . to meet sentencing objectives" based on Brown's conduct, his significant criminal history, and his numerous parole revocations. App. 166-67. It then sentenced Brown to 137 months' imprisonment and eight years' supervised release.

Brown appeals pro se, and his counsel has moved to withdraw. Brown filed a pro se brief.

---

[1] Brown withdrew his remaining objections to the PSR except for one objection that had no bearing on the Guidelines calculation.

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).[3]

To determine whether counsel has fulfilled his obligations, we examine the Anders brief to see if it (1) shows that he has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000), and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v.

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] We exercise plenary review to determine whether there are any nonfrivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988).

Langley, 52 F.4th 564, 569 (3d Cir. 2022).

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no nonfrivolous issues for appeal. First, the brief demonstrates a thorough examination of the record and identifies four potentially nonfrivolous issues: (1) whether the § 851 Information was timely filed, (2) whether Brown qualified for the § 851 enhancement, (3) the validity of Brown's guilty plea, and (4) the reasonableness of Brown's sentence. **Anders Br. at 8.** Second, the brief explains why the § 851 challenges are waived and meritless and why any challenge to the plea or sentence would be frivolous under the governing law.[4] **Anders Br. at 8-20.** Therefore, counsel's brief is sufficient, and there are no nonfrivolous issues warranting an appeal.

B[5]

First, any argument that the § 851 Information was not timely filed is waived. Brown did not challenge the timeliness of the § 851 Information when it was originally

---

[4] Counsel's Anders brief addresses the two issues that Brown raises in his pro se brief: (1) the applicability of the § 851 enhancement, and (2) the substantive reasonableness of his sentence.

[5] Although the Anders brief does not address jurisdiction, an independent review confirms that jurisdiction before the District Court was proper. District courts have jurisdiction over offenses against the laws of the United States. 18 U.S.C. § 3231. Brown was convicted of an offense against the United States, namely conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. Venue was also proper pursuant to 18 U.S.C. § 3237(a) because Brown admitted that the drug trafficking activities occurred in Harrisburg, Pennsylvania, which is in the Middle District of Pennsylvania. See United States v. Auernheimer, 748 F.3d 525, 533 (3d Cir. 2014) ("Venue would be proper in any district where the [federal law] violation occurred, or

filed or when he entered his plea. Instead, at the plea hearing, Brown noted that he signed the plea agreement before the § 851 Information was filed but stated that this timing did not impact his willingness to proceed. Although he later objected to the § 851 enhancement, he did not raise the issue of timeliness. Thus, Brown intentionally abandoned any argument as to the timeliness of the § 851 Information. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) (defining waiver as "the intentional abandonment of an argument"). Even if Brown had not waived this argument, it would be frivolous. The Government is required to file an information to establish the prior qualifying conviction "before entry of a plea of guilty," 21 U.S.C. § 851(a)(1), and it satisfied this requirement here by filing the § 851 Information two weeks before Brown entered his plea.

Second, Brown's argument that his prior conviction for MDMA distribution does not qualify as a serious drug felony under § 851 is also waived. Brown raised this argument in his response to the § 851 Information and objection to the PSR, but voluntarily withdrew those objections, explaining that he understood the serious drug felony enhancement was part of the plea agreement and that he did not want to breach that agreement. Therefore, he intentionally abandoned this argument, and it is waived on appeal. Simko, 992 F.3d at 205. Furthermore, because the enhancement was part of his

wherever any of the acts in furtherance of the conspiracy took place."). Accordingly, there is no issue of arguable merit concerning the District Court's jurisdiction.

7

plea agreement, Brown cannot challenge it unless he can demonstrate that his plea was not knowing or voluntary. See Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007) (per curiam) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues.").

Third, Brown's guilty plea was valid under the Constitution and Federal Rule of Criminal Procedure 11.[6] During the plea hearing, the District Court placed Brown under oath, questioned him in open court, explained that false answers could subject him to prosecution for perjury, and confirmed his competence. The Court also reviewed his constitutional rights, including (1) his right to plead not guilty and proceed to trial with the assistance of counsel who could confront, cross examine, and subpoena witnesses; (2) his right to testify or not testify at trial; and (3) the presumption of innocence and the

---

[6] When a defendant enters a guilty plea, he waives various constitutional rights, and those rights must be specifically addressed during a plea hearing. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Accordingly, Rule 11 requires that a district court advise the defendant of, among other things,

> the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines and discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir. 2006) (quotation marks, alterations, and citations omitted). A district court must also "ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty." Id. at 203.

Government's burden to prove his guilt beyond a reasonable doubt. The Court also informed Brown of the penalties he faced, confirmed Brown's willingness to plead guilty to the § 851 Information, explained the applicable Sentencing Guidelines, and described other consequences of his plea. Finally, the record shows that there was a factual basis for the plea. Because the plea complied with the Constitution and Rule 11 and the record supports the Court's finding that the plea was knowing and voluntary, there is no issue of arguable merit concerning the plea's validity.

Fourth, Brown's sentence is procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 566 (3d Cir. 2009) (en banc). With respect to procedural reasonableness, a district court must (1) calculate the applicable Guidelines range, (2) consider departure motions, and (3) meaningfully address all relevant factors under 18 U.S.C. § 3553(a). United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).[7]

The District Judge fulfilled these procedural requirements. First, the Court's Guidelines calculation was supported by the facts and law,[8] and Brown withdrew all objections to the PSR that would affect his Guidelines range before the sentencing

---

[7] Because Brown did not raise any procedural objections when the sentence was pronounced, we review the procedural reasonableness of his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc).

[8] The District Court accurately calculated a Guidelines range of 120 to 137 months' imprisonment based on the offense level of twenty-five, criminal history category of VI, and the § 851 Information. The total offense level captured Brown's role as a leader in the offense, the possession of a firearm in connection with the offense, and his acceptance of responsibility for his actions.

hearing.  Second, there were no departure motions.  Third, the Court addressed the §

3553(a) factors, considering aggravating factors such as Brown's present conduct, his

nine prior adult convictions, his five parole revocations, and his risk of recidivism.  The

Court also considered mitigating factors, such as Brown's difficult upbringing and lack of

parental guidance, the murder of several siblings, and his substance abuse issues.  It thus

gave "rational and meaningful consideration" to the § 3553(a) factors.  Tomko, 562 F.3d

at 568 (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).  The

Court therefore complied with Gunter and imposed a procedurally reasonable sentence.

The 137-month sentence, which is at the top of the Guidelines range, is also

substantively reasonable.[9]  A sentence is substantively reasonable unless "no reasonable

sentencing court would have imposed the same sentence on that particular defendant for

the reasons the district court provided."  Id.  Because the sentence here falls within the

Guidelines range, we can presume its reasonableness.  See Rita v. United States, 551 U.S.

338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a

district court sentence that reflects a proper application of the Sentencing Guidelines.").

Furthermore, given Brown's offense conduct, extensive criminal history, and parole

violations, we cannot conclude that no reasonable sentencing court would have imposed

---

[9] We review the substantive reasonableness of a sentence for abuse of discretion.
Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d
148, 151 (3d Cir. 2017).

10

the same sentence.  Thus, any challenge to the substantive reasonableness of Brown's sentence would lack merit.[10]

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment and sentence.

---

[10] Brown seeks to appeal the District Court's refusal to apply a 1:1 sentencing ratio between crack and powder cocaine, but "a district court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." United States v. Arrelucea-Zamudio, 581 F.3d 142, 148 (3d Cir. 2009) (quotations and citation omitted); United States v. Russell, 564 F.3d 200, 204 (3d Cir. 2009).  Moreover, for the reasons discussed herein concerning his offense conduct and prior criminal record, the District Court concluded that a sentence at the top of the Guidelines range was appropriate based on the § 3553(a) factors, and its refusal to impose a lower sentence to account for the crack/powder disparity was not substantively unreasonable.